# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL POSTAL MAIL HANDLERS UNION, et al.,** Plaintiffs, v. **UNITED STATES POSTAL SERVICE,** Defendant. | Case No. 1:13-cv-01577 (CRC) |

## OPINION

Local 308 of the National Postal Mail Handlers Union missed a deadline to appeal a grievance against the United States Postal Service. The union argued before an arbitrator that the Postal Service waived its objection to the late filing by failing to raise the issue during the grievance process. The arbitrator excused the Postal Service's failure, finding that the union's own actions resulted in the Postal Service not being aware of the appeal's tardiness, and concluded the grievance was not arbitrable. The union seeks to vacate the arbitrator's decision, and the Postal Service has moved for summary judgment. Because the Court finds that the arbitrator's decision met the highly deferential standard that applies to this Court's review of Postal Service labor arbitration awards, the Court will grant summary judgment to the Postal Service.

**I.      Background[1]**

The National Postal Mail Handlers Union ("NPMHU") represents approximately 45,000 mail handlers employed by the United States Postal Service ("USPS") nationwide. Compl. ¶ 4.

---

[1] Unless otherwise indicated, the following facts are drawn from the July 26, 2013 decision of the arbitrator, which is attached as Exhibit C to the Plaintiff's complaint.

NPMHU Local 308 represents approximately 2,200 USPS mail handlers in Eastern Pennsylvania, Delaware, and Southern New Jersey. Id. ¶ 5.[2]

NPMHU and USPS are parties to a national collective bargaining agreement ("CBA"), Compl. Ex. A, and its corresponding Contract Interpretation Manual, id. Ex. B. The CBA provides a detailed four-step procedure for processing and deciding grievances lodged by the union. Id. Ex. A. The CBA requires the union to appeal or otherwise escalate a grievance to the next step within certain time limits. If it does not do so, the grievance is considered waived. If USPS does not raise the union's untimeliness, however, it waives that defense as a basis for dismissing the grievance. In the event the parties are unable to resolve the grievance at one of the early stages of the process, the CBA provides for arbitration before a neutral arbitrator.

On March 13, 2008, Local 308 filed a grievance asserting that USPS had breached the CBA by hiring casual employees in Philadelphia. Pl.'s Memo. in Opp. to Def.'s Mot. for Summ. J. 2; Compl. Ex. C at 7. After the parties entered into a written agreement to extend the Step 1 time limits, USPS never rendered a Step 1 decision. Local 308 moved the grievance to Step 2 on March 25, 2008. The union asserts that after a Step 2 meeting on June 2, 2008, the parties informally agreed to meet again and to extend the time limit for moving the grievance to Step 3. But the parties never memorialized any such agreement in writing. Had they adhered to the CBA's time limits, USPS would have had to issue a Step 2 decision by June 12, 2008. The union would have had until June 27, 2008 to appeal to Step 3, even without a decision letter from USPS, pursuant to Article 15.3.C of the CBA. Having not heard back from USPS about another meeting or with a formal response, Local 308 escalated the grievance to Step 3 on September 12, 2008—more than two months late. On September 15, a USPS management representative issued a Step 2 decision denying the grievance because the union's appeal to Step 3 was untimely. Several months later, on

---

[2] The Court will refer to NPMHU and Local 308 collectively as "the union."

January 20, 2009, a different USPS representative issued a Step 3 decision which denied the merits of the grievance but did not mention the union's failure to move the grievance to Step 3 in a timely manner.

The grievance then proceeded to arbitration. USPS argued before the arbitrator that the matter was not arbitrable because the union missed the Step 3 appeal deadline, there was no mutual extension of the deadline, and it never waived the union's untimeliness as a defense. The union responded that USPS had waived any untimeliness argument because the second USPS management representative did not mention it in his Step 3 decision letter. After a hearing, the arbitrator issued an eleven-page decision dismissing the grievance based on the union's untimely appeal to Step 3. The arbitrator found that there was no mutual agreement on an extension and, therefore, the union was bound by the timeframe outlined in the CBA. Even without a Step 2 decision letter, the arbitrator found that the onus was on the union to move the grievance to the next step in a timely manner. The arbitrator further determined that NPMHU's untimely appeal resulted in the creation of two different and incomplete case files for the same grievance. As a result, the arbitrator found that the USPS representative who drafted the Step 3 decision letter was not aware that the union's Step 2 appeal had been untimely. These unique circumstances led the arbitrator to excuse USPS's failure to raise a timeliness defense in its Step 3 response. Accordingly, the arbitrator concluded that the "Union's actions were unreasonable and inconsistent with the requirements of the National Agreement when it waited three months to appeal the case to Step 3." Compl. Ex. C. at 10.

The union now seeks to vacate the arbitrator's decision and proceed to the merits of the grievance. It has sued under 39 U.S.C. § 1208(b), which permits suits in federal district courts for breaches of contracts between USPS and its employees' unions. E.g., Am. Postal Workers' Union, ALF-CIO v. U.S. Postal Serv., 646 F. Supp. 2d 1, 3 (D.D.C. 2009) (noting that section 1208(b) is

substantially similar to section 301 of the Labor Management Relations Act, which provides for enforcement of arbitration awards in federal court). USPS has moved for summary judgment to confirm the award.

## II. Standard of Review

The Court will grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Caterret, 477 U.S. 317, 323 (1986). The Court must accept as true all competent evidence of the non-movant and draw all inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The union challenges the arbitrator's decision under 39 U.S.C. § 1208(b), which provides that "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." Although the text of 39 U.S.C. § 1208(b) does not provide a standard for judicial review of arbitration decisions, the D.C. Circuit has explained that "the standard for judicial review of arbitration awards in the postal context is the same as the standard articulated by the Supreme Court for judicial review of labor arbitration awards under § 301(a) of the Labor-Management Relations Act of 1947." Nat'l Postal Mail Handlers Union v. Am. Postal Workers' Union, 589 F.3d 437, 440–41 (D.C. Cir. 2009).

In order to "preserve the efficiency and finality of the labor arbitration process," the D.C. Circuit, guided by Supreme Court precedent, has adopted an "extraordinarily deferential standard" for reviewing labor arbitration awards. Id. at 441. Courts will uphold a labor arbitration award provided that it "draws its essence from the collective bargaining agreement." United Steelworkers

4

of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960). To meet that standard, the arbitrator must "premise his award on his construction of the contract." Id. at 598. "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001). A court cannot overturn an arbitrator's decision if the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority." Id.

### III. Analysis

The union argues that the arbitrator did not draw his award decision from the "essence" of the CBA and ignored the express language of Article 15.3.B, which provides that "if the Employer fails to raise the issue of timeliness . . . such objection to the processing of the grievance is waived." Compl. Ex. A. USPS counters that the arbitrator was required to resolve two conflicting provisions of the CBA because NPMHU's failure to timely appeal resulted in duplicate and incomplete case files and prompted USPS not to respond to the timeliness issue. Def.'s Mot. for Summ. J. 6. Given that the Court need only consider whether the arbitrator "even arguably constru[ed]" the CBA, Major League Baseball Players Ass'n, 532 U.S. at 509, the Court finds that there is no basis for overturning the arbitrator's decision.

Although it is undisputed that USPS did not raise a timeliness objection in its Step 3 response, the arbitrator found that USPS's silence on this issue was a direct result of NPMHU's failure to lodge a timely Step 2 appeal. In his opinion, the arbitrator reviewed the provisions of the CBA, considered similar factual situations, and analyzed other arbitration determinations. The arbitrator determined that improper notification and untimely response on the part of the union excused USPS's failure to raise the issue of timeliness in its Step 3 response and, as a result, the grievance was not arbitrable.

5

The arbitrator adequately described his conclusion and rooted its logic in the provisions of the CBA and the actions of the parties. He did not create "his own brand of industrial justice." Major League Baseball Players Ass'n, 532 U.S. at 509. Because the arbitrator construed the terms of the agreement, his determination satisfies the deferential standard that applies to this Court's review of labor arbitration awards. The Court will therefore defer to his finding that the grievance was not arbitrable.

**IV.     Conclusion**

For the foregoing reasons, the Court will grant USPS's Motion for Summary Judgment. The Court will issue an order in accordance with this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: September 12, 2014